IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta
MAR 19 2009
JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

DAVID ETUTE, d/b/a AMERICAN
CONTINENTAL HOME LOAN,

    Plaintiff,

v.

DOUG ELKINS, JANICE MORRIS, and
BB&T BANK,

    Defendants.

CIVIL ACTION NO.
1:08-CV-0149-JEC

### ORDER and OPINION

This case is before the Court on plaintiff's Motion to Enlarge the Time to Respond to Defendants' Motion to Dismiss [22], plaintiff's Motion to Enlarge the Time to Complete a More Definite Statement [28], defendants Janice Morris' and BB&T Bank's Motion to Dismiss Revised Complaint [36], defendant Douglas Elkins' Motion to Dismiss or Abstain [47], and plaintiff's Motion to Dismiss [62].

The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion to Dismiss [62] should be **GRANTED without prejudice but with conditions**, and plaintiff's Motion to Enlarge the Time to Respond to Defendants' Motion to Dismiss [22], plaintiff's Motion to Enlarge the Time to Complete a More Definite Statement

[28], defendants Janice Morris' and BB&T Bank's Motion to Dismiss [36], and defendant Douglas Elkins' Motion to Dismiss [47] should be **DENIED as MOOT.**

## BACKGROUND

This case arises from a real estate transaction between David Etute, acting individually and on behalf of American Continental Home Loan ("ACHL") ("plaintiff"), and Argonne Forest Properties, LLC ("Argonne"). Plaintiff purchased an office condominium from defendant Argonne; Douglas Elkins ("Elkins") negotiated with plaintiff on Argonne's behalf. (Compl. [1] at IV ¶ 2.) BB&T Bank ("BB&T") provided the loan for the purchase; BB&T's agent for this transaction was Janice Morris ("Morris"). (*Id.* at IV ¶¶ 10-11.)

The facts of the case are not entirely clear from the pleadings, but it appears that the office condominium had four suites, two of which were unfinished at the time of the sale. (*Id.* at IV ¶ 12; Elkins Aff. [47-2] at ¶¶ 31-34.) According to Elkins, the suites were intentionally left unfinished so that they could be completed according to the future tenants' specifications. (Elkins Aff. [47-2] at ¶¶ 31-37.) Plaintiff, however, argues that Argonne broke the agreement by failing to finish the suites for the agreed-upon fee. (Compl. [1] at IV ¶¶ 13-15.) In any event, plaintiff failed to make any payments to BB&T on the loan and plaintiff ultimately lost the property to foreclosure on March 4, 2008. (Morris Aff. [40] at ¶¶

2

13, 16-17 and Exs. F-H attached thereto.)

Plaintiff filed this action, "d/b/a American Continental Home Loan," against Argonne,[1] Elkins, BB&T Bank, and Morris (collectively "defendants") on January 15, 2008. (Compl. [1].) Plaintiff is asserting breach of contract and fraud claims, alleging that he was under duress when he entered into the deal to purchase the condominium and that he was defrauded out of his earnest money. (*Id.* at IV ¶¶ 11, 12-14, 15.) Even though he brought the suit, plaintiff has been extremely lax in prosecuting his claims and participation in the litigation. For example, plaintiff failed to provide a more definite statement after being ordered to do so, and he also failed to appear for his deposition or to arrive at scheduled conferences.

Defendants have filed motions to dismiss [36, 47] and, most recently, plaintiff filed his own motion to voluntarily dismiss the action [62].

## DISCUSSION

### I. **Plaintiff's Motion to Dismiss**

Plaintiff has filed a voluntary motion to dismiss. (Pl.'s Mot. to Dismiss [62].) He does not provide any reasons why he wants to dismiss, nor does he discuss whether he has any plans to file the case again. (*Id.* at 1.) Plaintiff simply asks that the Court

---

[1] Argonne was dismissed by Order of the Court and is no longer a party to this action. (*See* Order dated April 24, 2008 [19].)

3

dismiss his claims without prejudice.[2] (*Id.*) Defendants do not oppose plaintiff's motion, but do ask that the Court condition plaintiff's dismissal on a requirement that plaintiff pay their costs and attorneys' fees. (BB&T's and Morris' Resp. to Pl.'s Mot. to Dismiss ("Defs.' Resp.") [66] at 1.)[3]

Voluntary dismissal is governed by Federal Rule of Civil Procedure 41(a)(2). FED. R. CIV. P. 41(a)(2). Federal Rule 41 states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* The purpose behind Rule 41(a)(2) is to allow a plaintiff to dismiss an action voluntarily, while at the same time protecting the other parties from prejudice. *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004)(citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). While a court should attempt to ameliorate any negative effects that

---

[2] In his earlier motions for extensions of time, plaintiff explained that he was struggling to maintain his job while attempting to research and prosecute his claims. (*See* Mot. for Enlargement of Time to Respond to Defs.' Mot. to Dismiss [22] at 1-2.)

[3] Defendant Elkins' Response is a two-page document and incorporates all the arguments made by defendants Morris and BB&T. (Defendant Doug Elkins' and Counterclaimant Argonne Forest Properties, LLC's Resp. to Pl.'s Mot. to Dismiss [72] at 1.) For this reason, the Court cites only to the arguments contained in Morris' and BB&T's response brief [66].

4

the dismissal may have on the defendant, the Eleventh Circuit has made clear that dismissal should generally be granted "unless the defendant will suffer clear legal prejudice . . . ." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)(citing *LeCompte*, 528 F.2d at 604). The district court must therefore "weigh the relevant equities and do justice between the parties, imposing such costs and attaching such conditions" to dismissal as it deems appropriate. *Id.*

According to defendants, plaintiff acted in bad faith in filing and maintaining this lawsuit, and his actions throughout the litigation have revealed his malicious intent. (Defs.' Resp. [66] at 2.) Defendants argue that plaintiff has failed to: (1) make his claims clear, even after the Court directed him to do so, (2) attend a scheduled conference,[4] (3) appear for his deposition, and (4) notify

---

[4] The parties, including plaintiff, agreed to conduct the Early Planning Conference at defense counsel's office on April 23, 2008 at 10 A.M. Despite specifically speaking with defense counsel about that conference on April 18, 2008, plaintiff did not attend the conference. (Baker Aff. [41] at ¶¶ 3, 4.) Plaintiff claimed that he phoned Ms. Baker to let defendants know that he would not attend. (Defs.' Resp. [66] at 4.) However, Ms. Baker states that she never spoke with him after April 18, 2008. (*Id.*) When defense counsel called plaintiff during the scheduled meeting, he said he was in the hospital with his daughter, but he refused to tell defense counsel which hospital. (*Id.*) When later asked if he wanted to participate via telephone, plaintiff said no. (Baker Aff. [41] at ¶¶ 5-7.)

5

the Clerk of his changes of address.[5] (*See id.* at 8-9.) Defendants note that these failures resulted in numerous violations of the Local Rules and were in violation of two of this Court's Orders. (*Id.*)

As a result of plaintiff's failure to prosecute his claims, defendants argue that the Court should condition the dismissal upon plaintiff's payment of their costs and attorneys' fees. (*Id.* at 1.) To this end, defendants' attorneys have prepared affidavits and fee schedules detailing the amount they seek to be paid, which totals $50,024.98. (*See* Baker Aff. [68] at ¶ 8 and Doolittle Aff. [72-2] at ¶ 7.) In addition, defendants note that this Circuit has upheld this type of condition on many occasions, even when significant costs are involved. (*Id.*) See, e.g., *Ortega Trujillo v. Banco Central del Ecuador*, 379 F.3d 1298, 1300-1303 (11th Cir. 2004)(upholding a voluntary dismissal on the condition that the plaintiff pay the defendant approximately $700,000 in costs); *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 130 (5th Cir. 1978)(upholding voluntary dismissal with condition that plaintiff pay defendant's fees totaling over $40,000).

The Court has considered defendants' arguments, "weigh[ed] the relevant equities," and does not find the imposition of costs and

---

[5] In addition to the failures listed, plaintiff also declined to file his Preliminary Report and Discovery Plan and failed to file his Initial Disclosures. (*See* Defs.' Resp. [66] at 5-7.)

6

attorneys' fees appropriate at this time. *McCants*, 781 F.2d at 857. Despite plaintiff's failure to proceed efficiently in the litigation, the Court is not sufficiently convinced that plaintiff filed the suit in bad faith, or purposefully or maliciously prolonged it, as defendants suggest. Instead, it is possible that, as a *pro se* litigant, plaintiff was simply unprepared to undertake the task of prosecuting a lawsuit, as was his duty.[6] Although the delay has been frustrating for defendants, the Court does not find this situation to be one in which costs should automatically be imposed.[7] Instead, a more narrowly-drawn condition on plaintiff's ability to refile

---

[6] In his motion seeking more time to respond to defendants' motion to dismiss, plaintiff explained that because he was proceeding without legal counsel and working full time, he does not have "the necessary time to do the necessary legal research and the preparation of the required and necessary legal papers in order to properly and adequately proceed forward with the prosecution of Plaintiff's case . . . ." (*See* Mot. for Enlargement of Time to Respond to Defs.' Mot. to Dismiss [22] at 2.) He also mentioned to defense counsel that he was in the hospital with his daughter during the scheduled conference. (Defs.' Resp. [66] at 4.)

[7] In the cases defendants cite to support the imposition of costs, the parties were involved in simultaneous litigation in another forum or the plaintiff had planned to file the same lawsuit again elsewhere. *See, e.g., Trujillo v. Banco Cent. del Ecuador*, 229 F. Supp.2d 1369, 1371 (upholding condition that the plaintiff pay expenses that were "'wasted' effort defending this case in that the results of this effort cannot be used in the ongoing case between the same parties in the Bahamas."); *Yoffe*, 580 F.2d at 127-28 (upholding condition that plaintiff pay defendant's fees totaling over $40,000 where litigants were involved in simultaneous suits in different fora and the issues litigated in this forum may very well need to be re-argued in the other suit).

7

appears appropriate.

The Court is charged with preventing prejudice to the defendants that may arise *from the dismissal*, not from the suit having been filed in the first place. *Yoffe v. Keller Indus., Inc.*, 582 F.2d 982, 984 (5th Cir. 1978)(the goal is to "prevent defendants from being unfairly affected by such dismissal." (quoting *LeCompte*, 528 F.2d at 604))). The only prejudice or inconvenience defendants may face as a result of this dismissal without prejudice is a subsequent refiling of plaintiff's claims, which would result in the incurring of duplicative costs and would clearly cause great prejudice to defendants. In order to avoid this result upon any potential future filing, the Court will condition its willingness to dismiss the case without prejudice on a requirement that plaintiff pay the costs and fees that defendants incurred in defending this action, if plaintiff ever refiles any action against these defendants upon these or substantially similar facts.[8]

---

[8] The Eleventh Circuit has upheld the imposition of this condition in a number of cases. *See, e.g., Versa Prods.*, 387 F.3d at 1328 (upholding decision to condition voluntary dismissal on plaintiff's payment of defendant's costs and fees if the case was later refiled); *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258-60 (11th Cir. 2001)(rejecting defendant's argument that plaintiff's failure to prosecute her case was clear legal prejudice and imposing condition that plaintiff pay costs if she refiles). *See also Nesbitt v. Holmes County Comm'rs*, 2007 WL 2900229, at *2 (N.D. Fla. Oct. 2, 2007)(granting dismissal without prejudice with condition that plaintiff pay defendants' costs upon refiling).

8

Plaintiff should understand that he has gotten a reprieve of sorts. The Court could well grant defendants' motions for dismissal with prejudice, given plaintiff's unwillingness to prosecute a lawsuit that he brought and that caused defendants to incur substantial expense merely because plaintiff had some impulse to vent as a result of his frustrations at having a property that he refused to pay for later foreclosed. If plaintiff tries to bring this suit again, the Court will assume bad faith on his part and will insist that he compensate the defendants for the great expense that he has caused them.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS plaintiff's Motion to Dismiss without prejudice on the condition that plaintiff will be required to pay the costs and fees that defendants incurred in this litigation should he again refile those or similar claims against them.** The Court **DENIES as moot** plaintiff's Motion to Enlarge the Time to Respond to Defendants' Motion to Dismiss [22], plaintiff's Motion to Enlarge the Time to Complete a More Definite Statement [28], defendants Janice Morris' and BB&T Banks' Motion to Dismiss [36], and defendant Douglas Elkins' Motion to Dismiss [47].

AO 72A
(Rev.8/82)

SO ORDERED, this 19 day of March, 2009.

/s/ Julie Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)